UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------- X
BONIFACIO AGUJA MAKINANO,           :

                Plaintiffs,    :

                                         :    **MEMORANDUM DECISION AND**
       - against –           :    **ORDER**

                                         :    21-cv-6800 (AMD)

                                         :

UR MENDOZA JADDOU, *in her capacity as*    :
*Director of the United States Citizenship and*
*Immigration Services, Department of Homeland*    :
*Security*
                                         :

------------------------------------------------------------- X

**ANN M. DONNELLY**, District Judge.

On November 29, 2021, the plaintiff filed this action *pro se* seeking (1) a mandamus order compelling the defendant to grant Form I-130 petitions ("I-130s") that he filed on behalf of his two children, and (2) a judicial declaration that the petitions were unlawfully dismissed. (ECF No. 1 ¶¶ 58-60, ECF No. 22 at 20.) The defendant moves to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1), on the grounds that the defendant has already adjudicated the application, rendering the plaintiff's claim moot. For the reasons set forth below, I grant the defendants' motion and dismiss the plaintiff's complaint for lack of subject matter jurisdiction.

## BACKGROUND

A United States citizen may file a petition to obtain a visa with the United States Citizenship and Immigration Services ("USCIS") on behalf of an immediate relative. If the visa applicant resides outside the United States, USCIS forwards approved petitions to the State Department's National Visa Center ("NVC") for further processing. (ECF No. 23 at 5.)

1

The plaintiff is a United States citizen who lives in Queens County. (ECF No. 1 ¶ 18.) His two adopted children, whom he describes as his grandnephew and grandniece, live in the Philippines. (*Id*. ¶ 35.) After the USCIS denied his initial petition for visas to bring his children to the United States in 2016, the plaintiff and his wife moved to the Philippines. (ECF No. 22 at 9.) The plaintiff submitted two I-130s on behalf of his children again in December 2019. (*Id.*) While those petitions were pending, the plaintiff moved back to the United States in December 2020 for health reasons. (*Id*.) On October 5, 2021, the defendant denied the petitions. (*Id*.) The plaintiff appealed the denials, and the defendant reversed its decision and granted the petitions on February 18, 2022. (ECF No. 22 at 10-11.)

That same month the plaintiff submitted an online inquiry form to the NVC asking whether they received his Approval Notices. (*Id.* at 12.) On April 14, 2022, the NVC responded that "[i]t can take up to six weeks for an approved petition [from USCIS] to arrive at [NVC]," and "[u]nfortunately, we do not have a record of receiving your approved petition from USCIS . . . We will contact USCIS . . . You do not need to take any action at this time." (*Id.* at 12-13.) On May 26, 2022, the defendant notified the plaintiff that it had sent his I-130 approvals to NVC. (ECF No. 27 at 6.) Shortly thereafter the defendant received confirmation that NVC received the plaintiff's I-130 approvals. (ECF No. 23 at 6.)

## DISCUSSION

### I.  Standard of Review

A party may move to dismiss an action pursuant to Federal Rule of Civil Procedure 12(b)(1) where there is a "lack of jurisdiction over the subject matter." Fed. R. Civ. P. 12(b)(1); *see also Ford v. D.C. 37 Union Local 1549*, 579 F.2d 187, 188 (2d Cir. 2009). In reviewing a

motion to dismiss under Rule 12(b)(1), the court must accept all material factual allegations in the complaint as true, but should not draw "argumentative inferences favorable to the party asserting jurisdiction." *Atl. Mut. Ins. Co. v. Balfour Maclaine Int'l Ltd.*, 968 F.2d 196, 198 (2d Cir. 1992) (citing *Norton v. Larney*, 266 U.S. 511, 515 (1925)).  Because the plaintiff is *pro se*, I construe his submissions liberally, *Erikson v. Pardus*, 551 U.S. 89, 94 (2007), and interpret his complaint and attached documents to "raise the strongest arguments they suggest." *Graham v. Henderson*, 89 F.3d 75, 79 (2d Cir. 1996).  Nevertheless, "federal courts are courts of limited jurisdiction and may not preside over cases if subject matter jurisdiction is lacking." *Koso v. McCulloh*, No. 18-CV-07415J, 2019 WL 1748606, at *2 (E.D.N.Y. Apr. 18, 2019).  The party asserting jurisdiction bears the burden of proof.  *Id.*

As limited by Article III of the U.S. Constitution, "federal courts are without power to decide questions that cannot affect the rights of litigants in the case before them." *Defunis v. Odegaard*, 416 U.S. 312, 316 (1974) (quoting *Liner v. Jafco*, 375 U.S. 301 (1964)).  "When a court is presented with issues that 'are no longer live' or when the parties 'lack a legally cognizable interest in the outcome,' the case is moot and, therefore, outside the federal court's jurisdiction." *Hunter v. Colonial Park, Superintendent*, 409 F. App'x 411, 411 (2d Cir. 2011) (quoting *British Int'l Ins. Co. v. Seguros La Republica, S.A.,* 354 F.3d 120, 122–23 (2d Cir. 2003)).  An action asking a court to direct a federal official to perform an act that the official has already performed is moot.  *Aizah v. Holder*, 12-CV-6020, 2013 WL 1282345, at *1 (E.D.N.Y. March 28, 2013); *Barrett v. United States*, 105 F.3d 793 (2d Cir. 1997).

II.     **Federal Subject Matter Jurisdiction**

3

The defendant's approval of the plaintiff's I-130s renders his claims moot, because the plaintiff has no cognizable interest in appealing a denial of his I-130s that has already been decided in his favor. *See, e.g.*, *Aizah v. Holder*, No. 12-CV-6020, 2013 WL 1282345, at *1 (E.D.N.Y. Mar. 28, 2013) ("This Court cannot mandate that USCIS adjudicate the I-130 petition, when, in fact, it has already adjudicated the I-130 petition[.]"); *Lihua Jiang v. Clinton*, No. 08-CV-4477, 2011 WL 5983353, at *3 (E.D.N.Y. Nov. 28, 2011) ("Plaintiff's claim is thus moot insofar as it seeks a writ of mandamus to order Defendants to perform duties they have already performed."). The plaintiff argues that there is a live controversy because the defendant "unlawfully withheld" his Notices of Appeal. But "if an event occurs while a case is pending . . . that makes it impossible for the court to grant any effectual relief whatever to a prevailing party," the case must be dismissed. *Church of Scientology v. U.S.*, 506 U.S. 9, 12 (1992) (internal quotation and citation omitted). "No matter how vehemently the parties continue to dispute the lawfulness of the conduct that precipitated the lawsuit," a case must be dismissed if the Court finds it moot. *Alharbi v. Miller*, 368 F. Supp. 527, 549 (E.D.N.Y. 2019). Since the defendant already reversed the denial of the petition, this Court cannot grant the plaintiff any effectual relief.

For the same reason, the plaintiff is not entitled to a writ of mandamus compelling the defendant to send his approval notices to NVC. Under 28 U.S.C. § 1361, a district court has original jurisdiction "of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." A mandamus claim is moot when the defendant has already taken the action the plaintiff seeks. *See Barrett v. United States*, 105 F.3d 793, 794-95 (2d Cir. 1996) (stating that "a claim that seeks to compel a federal official to act becomes moot when the official performs the act"). The defendant has

already sent notice to the NVC that the plaintiff's I-130s have been approved. The plaintiff's argument—essentially that this lawsuit prompted the defendant to grant the relief the plaintiff seeks in this litigation—does not change this conclusion. (ECF No. 27 at 6.) There is simply nothing the Court can do for the plaintiff. He has already received the relief he sought.

The plaintiff appears to ask the Court to compel the defendant to process additional paperwork for his children's visas; according to the plaintiff, the defendant "has an undisputed history of not sending papers necessary to process [his] beneficiaries' visas," ECF No. 22 at 12, and has a continued role in the processing of his children's visas because the USCIS "will be asked to process [] Affidavits of Support" for his children's visas. (ECF No. 27 at 4, 6) (referencing Form I-864, Affidavit of Support under Section 213A).

To obtain mandamus relief, a plaintiff must show that "(1) there is a clear right to the relief sought; (2) the government has a plainly defined and peremptory duty to perform the act in question; and (3) there is no other adequate remedy available." *Benzman v. Whitman*, 523 F.3d 119, 133 (2d Cir. 2008). The plaintiff's claim regarding the Form I-864s is speculative and premature: there is no evidence that the plaintiff has submitted the supporting paperwork or that the agency has done anything unreasonable in determining whether the plaintiff's children are eligible for visas. Moreover, while the defendant may have a non-discretionary duty to adjudicate the plaintiff's visa paperwork "at some point in time," there is no "plainly defined and peremptory duty" to adjudicate them within any particular time frame." *Almakalani v. McAleenan*, 527 F. Supp. 3d 205, 226 (E.D.N.Y. 2021). The Court is sympathetic to the plaintiff and the difficulties caused by his separation from his children, but at this stage of the litigation, where the plaintiff has achieved the result he sought, there is no relief that the Court can grant.

5

## CONCLUSION

Since the plaintiff's claim is moot, the Court lacks subject matter jurisdiction. The defendants' motion to dismiss is granted and the plaintiff's motion for a writ of mandamus is dismissed without prejudice. The Clerk of Court is respectfully directed to close this case and enter judgment. The Clerk is also respectfully directed to mail a copy of this Order to the plaintiff at the address he provided and note the mailing on the docket.

**SO ORDERED**.

Dated: Brooklyn, New York
      February 02, 2023

                                                      s/Ann M. Donnelly
                                                      ANN M. DONNELLY
                                                      United States District Judge